## ACTIONS UNDER THE FEDERAL EMPLOYERS' LIABILITY LAW.

Common Pleas Court of Cuyahoga-County.

MIKE HUSZTY v. ERIE RAILROAD COMPANY.

Decided, October 10, 1914.

*Jurisdiction—Of State Courts Where the Action is Under the Federal Employers' Liability Act—Verdict of Jury Must be Unanimous.*

Our state courts have jurisdiction to entertain actions brought under the federal employers' liability act, but in such actions the verdict of the jury must be unanimous.

STEVENS, J.

Opinion on demurrer on the ground of want of jurisdiction.

The action is based upon the federal employer's liability act. It has been decided, beyond question, that where the federal act applies, an action can be maintained only as based upon it, and that all state statutes on the same subject are excluded by reason of the supremacy of the federal act.

The federal Constitution provides that, in suits at common law, the right of trial by jury shall be preserved; and it is held that Congress has no power to enact legislation which impairs that right. Trial by jury has been held to mean a jury of twelve men, and a verdict of a jury is the unanimous verdict of twelve men. It is claimed, then, that the courts of the state of Ohio have no jurisdiction to entertain an action brought under the provisions of the federal employer's liability act, because, while the federal laws and Constitution provide for a jury trial as known to the common law, the Constitution and laws of the state of Ohio require that in all civil actions the jury shall render a verdict upon the concurrence of three-fourths or more of their number, and that when three-fourths or more of the jury have arrived at a conclusion, the verdict is complete. It is claimed that this court is in a dilemma, because the cause of action in the case in question exists solely by an act of Congress, is within the guarantee of the

seventh amendment to the United States Constitution, and yet
the court is bound by the Constitution and laws of the state
of Ohio, which provide for a verdict of three-fourths of the
jury. Counsel for the defendant urge that the court could not
hear this case without violating either the law and Constitution
of the United States, by permitting a three-fourths jury ver-
dict, or violating the law and Constitution of the state of Ohio
by requiring a unanimous verdict.

I think the escape from this dilemma is clear upon a consider-
ation of Article I, Section 5 of the Constitution of Ohio, in con-
nection with Sections 11455, 6 and 7 of the General Code. The
section of the Constitution referred to provides, in its first
clause, that the right of trial by jury shall be inviolate. That
provision means, beyond question, trial by a jury of twelve
men, as known to the common law, whose verdict must be unan-
imous. But the Constitution further provides in that section
as follows: *"except that* in civil cases laws may be passed to
authorize the rendering of a verdict by the concurrence of not
less than three-fourths of the jury."

It is clear, therefore, from the constitutional provision, that
in criminal matters it is entirely beyond the power of the
Legislature to authorize trial by jury in any way other than
that known to the common law. As to criminal matters, the
*right of trial by jury* is inviolate. This would remain true of
civil actions if the Legislature had not exercised the power
granted it under the Constitution and provided that in *all* civil
actions a jury shall render a verdict upon the concurrence of
three-fourths or more of their number. Unquestionably, the
Constitution of Ohio did not attempt to authorize the Legis-
lature to provide for a three-fourths verdict of the jury in any
matters concerning which it did not have power to legislate.
It is equally certain that the Legislature of Ohio has no power
to legislate with reference to those matters in which the Con-
stitution and laws of the United States are paramount, and
they have not attempted to do so.

"When Congress has exerted its paramount legislative au-
thority over a particular subject of interstate commerce, state

laws upon the same subject are superseded.'' *Railway Company* v. *Harris*, 234 U. S., 412, syllabus 3.

The provision of Section 11455 of the General Code means precisely the same as though the words following in parenthesis were contained in it, and might be read as follows:

''In all civil actions (concerning which the Legislature has any power to legislate) a jury shall render a verdict upon the concurrence of three-fourths or more of their number. (In all other actions the right of trial by jury remains inviolate.)''

These would be, of course, in a sense absurd provisions to insert, but they implicitly exist in that section of the General Code.

I conclude, therefore, that actions brought under the provisions of the federal employer's liability act may be entertained by the courts of Ohio, but that the unanimous verdict of the jury must be required.